**Henry Roy LOMAN, Petitioner–Appellant,**

v.

**TWIN FALLS COUNTY OF, FIFTH JUDICIAL DISTRICT, Respondent–Appellee.**

**No. 04–35666.**

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2006.*

Decided March 14, 2006.

Henry Roy Loman, Jerome, ID, pro se.

Teresa A. Hampton, Esq., Hampton & Elliott, Boise, ID, for Petitioner–Appellant.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ralph Blount, Esq., Office of Attorney General, L. Lamont Anderson, Esq., Office of the Idaho Attorney General, Boise, ID, for Respondent–Appellee.

Before: CANBY, BEEZER, and KOZINSKI, Circuit Judges.

MEMORANDUM **

Henry Roy Loman appeals from the district court's judgment denying his 28 U.S.C. § 2254 petition as untimely. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Loman contends that his state post-conviction petition was "properly filed" for the purpose of tolling the Antiterrorism and Effective Death Penalty Act ("AEDPA") statute of limitations. Because Loman's state post-conviction petition was untimely, *see* Idaho Code § 19–4902(a), it was not "properly filed" and therefore, did not toll the statute of limitations. *See Pace v. DiGuglielmo*, —— U.S. ——, ——, 125 S.Ct. 1807, 1812, 161 L.Ed.2d 669 (2005) ("When a postconviction petition is untimely under state law, that [is] the end of the matter for purposes of [28 U.S.C.] § 2244(d)(2).") (internal quotations omitted).

We decline to address Loman's conclusory equitable tolling contention. *See James v. Borg*, 24 F.3d 20, 26 (9th Cir.1994).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.